UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TROF, INC., § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 09-cv-2179 |
| § | |
| J. HOWARD MARSHALL III, § | |
| Individually and as Debtor in Possession of § | |
| the Bankruptcy Estate of J. Howard § | |
| Marshall III, et al., § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") Motion to Dismiss for want of subject matter jurisdiction. (Doc. No. 42.) For the following reasons, Wells Fargo's Motion must be denied.

## I. BACKGROUND [1]

The Eleanor Piece Stevens Irrevocable Trust (the "Trust") was formed in 1989. The primary asset held in the Trust is a debenture entitled "Marshall Petroleum, Inc., Series A, Number 3, 10% Debenture." Among the beneficiaries named in the Trust is J. Howard Marshall III ("JHM"). Since November of 2003, the Trust has been administered by Wells Fargo. By its terms, the Trust will terminate on January 1, 2010.

In 2002, JHM filed for Chapter 11 bankruptcy in the Central District of California ("Bankruptcy Case"). *In re Marshall,* No. 2:02-bk-30769-SB (C.D. Cal. 2002). JHM proposed a Plan of Reorganization ("Plan"), which was approved by the Bankruptcy Court over the objections of Defendant Bettye B. Marshall Living Trust (the "BBM

---

[1] These facts were compiled from the Motion to Dismiss and the responsive briefs, Doc. Nos. 42, 47, 48, 58, 59.

1

Trust"), the holder of a judgment against JHM. (Pl. Brief, Doc. No. 59, Exhibits 7-8.) With regard to the proceeds of the Trust, the Plan provides:

> On or after January 1, 2010, or as soon thereafter as is reasonably practicable, the proceeds of the Debenture . . . held by the [the Trust], if actually received by Howard Marshall, shall be distributed to the holder of the Creditor Note on a pro rata basis to reduce the remaining principal amount of such Creditor's Note. . . .

(Pl. Resp., Doc. No. 47, Exhibit 6 at 8.) The Plan's confirmation is, however, still subject to challenge by the BBM Trust in an appeal now stayed in the Ninth Circuit.

Plaintiff now files this interpleader claim against JHM, the BBM Trust, and several other Defendants. The property subject to this interpleader is money that became due and payable to the trustee of the Trust on July 1, 2009. Plaintiff claims that it may be subject to multiple liability with respect to the funds, pointing out that four defendants have already made claims against the interpleaded property. Wells Fargo now moves to dismiss the interpleader action for lack of subject matter jurisdiction, claiming that, as current trustee of the Trust, it is the only party entitled to receive the sums. Wells Fargo argues that there are no competing claimants of adverse citizenship as required by 28 U.S.C. § 1335(a).

## II. STANDARD

### A. FED. R. CIV. P. 12(b)(1)

The court must dismiss a case when the plaintiff fails to establish subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). "It is incumbent on all federal courts to dismiss an action whenever it appears that subject matter jurisdiction is lacking." *Stockman v. Federal Election Com'n*, 138 F.3d 144, 151 (5th Cir. 1998). A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Mississippi, Inc. v. City of*

*Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (internal quotation marks and citation omitted). The burden of establishing federal jurisdiction rests on the party seeking the federal forum. *Stockman*, 138 F.3d at 151.

### B.     28 U.S.C. § 1335(a)

District courts have original jurisdiction over any civil action of interpleader filed by a party having in its custody or possession money or property valued at $500 or more, if two or more adverse parties of diverse citizenship are claiming or may claim to be entitled to such money or property, and the party has deposited such money into the registry of the court. 28 U.S.C. § 1335(a). In this case, the interpleaded funds have been deposited into the Court registry. Therefore, the only issue before this Court is whether this action meets the adverse claimants requirement.

### III.     ANALYSIS

#### A.     Arguments for Dismissal [2]

Wells Fargo advances two arguments in favor of dismissing this interpleader claim. First, it avers that Plaintiff's attempt to invoke § 1335(a) conflicts with the "spendthrift" provisions of the instrument creating the Trust. According to Wells Fargo, the "spendthrift" provisions strictly prohibit any transfer or encumbrance of a beneficiary's interest in or right to receive the income of the Trust. Secondly, Wells Fargo argues that there are in fact no other "claimants" to the interpleaded funds because the Claims Register of the Bankruptcy Case reveals only one Defendant, who has not yet appeared in this action, with an outstanding claim against the bankruptcy estate of JHM. All other creditors were required in the Bankruptcy Case to file proofs of claim by a

---

[2] This summary was generated from Wells Fargo's Motion to Dismiss and Reply in support thereof, Doc. Nos. 42 and 48.

3

certain date, which has now passed. Thus, argues Wells Fargo, no other Defendants qualify as adverse claimants for purposes of subject matter jurisdiction.

### B. Arguments against Dismissal [3]

Plaintiff argues that jurisdiction is proper because four Defendants have now made claims against the interpleaded funds in this action -- two Texas citizens, one Louisiana citizen, and one California citizen. Plaintiff argues that this conclusively establishes subject matter jurisdiction. Plaintiff points out that, because the only issue in dispute at this stage is jurisdiction, it is not the job of the Court to assess the merits of the claims, but only to recognize that there are and could be additional adverse claimants. As to the merits of the claim, Plaintiff avers that Well Fargo's spendthrift argument is barred by the *res judicata* effect of the confirmation of JHM's Chapter 11 Plan in the Bankruptcy Case, of which Wells Fargo had knowledge and to which it made no objection. Because, as described above, the Plan does provide for the dispensation of the Trust proceeds to JHM's creditors, Plaintiff argues that Wells Fargo is bound by the confirmation of the Plan and cannot now mount a collateral attack upon the confirmation proceedings.

Finally, in a separate brief, Defendant BBM Trust asserts that it has a valid claim to the funds interpleaded in this suit. It argues that its claim cannot be considered invalid unless and until the Ninth Circuit rules on its objections to the Plan confirmation and its motion to dismiss the bankruptcy.

### C. Findings and Holdings of the Court

---

[3] This summary was generated from Plaintiff's Response and Surreply in favor of jurisdiction, Doc. Nos. 47 and 59, and BBM Trust's Response, Doc. No. 58.

This Court holds that, for purposes of subject matter jurisdiction under § 1335(a), there are in fact two or more diverse claimants to the interpleaded funds. This Court further holds that evaluating Wells Fargo's arguments as to the validity of the adverse claims is premature. While Wells Fargo raises legitimate questions as to the likelihood that the adverse claimants will recover any portion of the funds, the fact remains that other parties have asserted their rights to the interpleaded funds. In an interpleader action, the jurisdiction of the district court "is not dependent on the merits of the claims of the defendants." *John Hancock Mut. Life Ins. Co. v. Kraft*, 200 F.2d 952, 954 (2d Cir. 1953) (citing *Hunter v. Federal Life Ins. Co.*, 111 F.2d 551, 556 (8th Cir. 1940)). Among the claimants to the interpleaded funds, both Wells Fargo and BBM Trust have raised legal arguments concerning their right to recovery. Although a "mere naked claim without any color of support does not justify interpleader," it cannot be said that Plaintiff's concerns in this case about multiple adverse claimants are baseless or in bad faith. *Stuyvesant Ins. Co. v. Dean Const. Co.*, 254 F.Supp. 102, 108 (D.C.N.Y. 1966). Thus, this Court finds that there are multiple adverse claimants of minimum diversity such that the requirements of Section 1335(a) are met. This Court therefore has jurisdiction to consider the merits of the Defendants' claims as to the interpleaded funds.

## IV. CONCLUSION

Defendant Wells Fargo's Motion to Dismiss for want of subject matter jurisdiction (Doc. No. 42) is hereby **DENIED**.

**IT IS SO ORDERED.**

**SIGNED** this 20*KC* day of October, 2009.

5

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE